IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-mj-00026-JPO

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**DARION RAY SEXTON**

        Defendant.

---

## JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT
---

    The United States, by Cole Finegan, United States Attorney for the District of Colorado, and Bryan D. Fields, Assistant United States Attorney, and Darion Ray Sexton, through attorney Jamie Hubbard, jointly move this Court to exclude the time period from and including January 24, 2023 to March 25, 2023 (60 days) in computing the time within which an indictment must be filed. In support thereof, the parties state as follows:

    1.    On January 23, 2023, an arrest warrant was issued by the United States Magistrate James O'Hara on the basis of a criminal complaint charging the defendant with causing damage to real property by fire and explosive in violation of 18 U.S.C. § 844(i). The defendant was taken into federal custody on January 24, 2023 and appeared that same day for his initial appearance. Mr. Sexton is set for a detention hearing on January 27, 2023 at which time he is expected to waive his right to a preliminary hearing.

    2.    The Speedy Trial Act requires that a defendant be indicted within thirty days of

being brought into federal custody on January 24, 2023. *See* 18 U.S.C. § 3161(b). Therefore, the government must seek an indictment from a grand jury on or before February 23, 2023.

      3.    A magistrate judge may issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74 after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12). 18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial. The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted). Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance. *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

      4.    The parties seek a 60-day exclusion of time for the following reasons:

          a.    Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case. The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have a reasonable time for the effective preparation of trial.

          b.    Counsel for the government anticipates seeking authority to indict Mr. Sexton on a charge different from that in the currently pending Complaint. Doing so requires

authorization from the Department of Justice. Obtaining such authorization may require more than 30 days.

    c. Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, and the Court. Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury. In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case. Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

  5. The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by her waiver.

  WHEREFORE, the parties request, pursuant to 18 U.S.C. § 3161(h), that the time period from and including January 24, 2023 to March 25, 2023 (60 days) be excluded in computing the time within which an indictment or information must be filed. The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before April 24, 2023.

            Respectfully submitted,

            COLE FINEGAN
            United States Attorney

            /s/ Bryan Fields

                Bryan D. Fields
                Assistant United States Attorney
                United States Attorney's Office
                1801 California Street, Suite 1600
                Denver, Colorado 80202
                Telephone: (303) 454-0100
                E-mail: bryan.fields3@usdoj.gov

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by 18 U.S.C. § 3161(b). I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney. I understand this motion and voluntarily agree to it.

Date: 1/27/23

Darion Ray Sexton, Defendant

**Defense Counsel's Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest. Specifically, I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case. To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 1/27/23

Jamie Hubbard
Counsel for the Defendant